CENTER FOR DISABILITY ACCESS
Amanda Lockhart Seabock, Esq., SBN 289900
Chris Carson, Esq., SBN 280048
Dennis Jay Price, II, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191
Email: Amandas@potterhandy.com

Attorneys for Plaintiff SAMUEL LOVE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love,**<br><br>　　　　Plaintiff,<br>v.<br><br>**Victor Vityapron,** in individual and representative capacity as trustee of the Vityapron Family Trust UDT dated January 10, 2002;<br>**Soontaree Vityapron,** in individual and representative capacity as trustee of the Vityapron Family Trust UDT dated January 10, 2002;<br>**Z & F Auto Repair and Used Auto Sales Corporation,** a California Corporation; and Does 1-10,<br><br>　　　　Defendants. | Case No.:3:19-CV-01869-JSC<br><br>**PLAINTIFF'S RESPONSE re SEVERANCE OF NON-APPEARING DEFENDANTS**<br><br>HON.JACQUELINE SCOTT CORLEY |

　　　Plaintiff hereby respectfully submits his position on severance of Defendant Z&F Auto Repair and Used Auto Sales Corporation ("Z&F") per this Court's June 19, 2019, Order. Dkt. 16. Plaintiff is filing unilaterally as Defendants Vityapron previously submitted their brief. Dkt. 17.

　　　Plaintiff does not seek severance of Defendant Z&F as it is not in any party's interest. This is because doing so raises the possibility of a conflicting injunction order. Additionally, defaulted parties have a tendency to eventually appear when

their tenant/landlord is active, as is the case here. There is zero harm in leaving the cases together, but a non-zero chance of actual harm if the defendant is severed.

Plaintiff acknowledges that the defaulted defendant is not a necessary party. But that weighs in favor of retaining it in this case, not for severing. There is just no efficiency to be gained in having Plaintiff prosecute a default judgment against one entity while litigating a parallel claim against the others.

Plaintiff concedes that his position is the opposite of the defendants Vityapron. Plaintiff suspects that the Court had this difference of opinion in mind when it ordered the parties to confer and respond jointly. However, the defendants Vityapron filed their response (Dkt. 17) the same day the Court issued the request (June 19, 2019; Dkt. 16). Hence, Plaintiff was not afforded the opportunity to reach out regarding a joint proposal. Despite this, the parties have worked cooperatively on other aspects of this matter and, with ample opportunity, may be able to come to a joint approach.

Dated: June 24, 2019                     CENTER FOR DISABILITY ACCESS

                                                     By:   /s/ Amanda Seabock
                                                     Amanda Seabock, Esq.
                                                     Attorney for Plaintiff