Center for Disability Access
Amanda Lockhart Seabock, Esq., SBN 289900
Chris Carson, Esq., SBN 280048
Dennis Jay Price, II, Esq., SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191
Email: Amandas@potterhandy.com

Attorneys for Plaintiff


Law Offices of Richard A. Mac Bride
Richard Mac Bride, Esq., SBN 199695
865 Marina Bay Parkway, Suite 43
Richmond, CA 94804
Telephone (415) 730-6289
Fax (510) 439-2786
Email: richardmacbridelaw@gmail.com

Attorney for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love,** | Case No. 3:19-cv-01869-CRB |
| Plaintiff, | |
| v. | |
| **Victor Vityapron,** in individual and representative capacity as trustee of the Vityapron Family Trust UDT dated January 10, 2002; **Soontaree Vityapron,** in individual and representative capacity as trustee of the Vityapron Family Trust UDT dated January 10, 2002; **Z & F Auto Repair and Used Auto Sales Corporation,** a California Corporation; and Does 1-10, | **CONSENT DECREE AND [~~PROPOSED~~] ORDER**<br><br>Hon. Charles R. Bryer |
| Defendants. | |

**TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

1. Plaintiff, SAMUEL LOVE, filed this action (known as Case No. 3:19-cv-01869-CRB) against Defendants seeking money damages and injunctive relief for, *inter alia*, violations of the Americans with Disabilities Act of 1990 (the "ADA"), Unruh Civil Rights Act and corresponding state law claims, as well as common law claims, in the United States District Court for the Northern District of California on April 8, 2019. Dkt.1. Defendants VICTOR VITYAPRON, in individual and representative capacity as trustee of The Vitypron Family Trust UDT dated January 10, 2002 and SOONTAREE VITYAPRON, in individual and representative capacity as trustee of The Vityapron Family Trust UDT dated January 10, 2002, ("Defendants") filed their Answer on June 17, 2019 Dkt. 11.

2. The Clerk entered default against non-appearing Defendant Z & F Auto repair on June 11, 2019. Dkt. 10.

3. Defendants and Plaintiff (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle the portion of the case relating to issues of injunctive relief and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability by either Party whatsoever, including but not limited to liability as to the issues of damages and/or fees.

**JURISDICTION:**

4. Plaintiff asserts that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq., pursuant to supplemental jurisdiction under California's Unruh Civil Rights Act, and 28 U.S.C. §1331, §1343(a)(3) and (a)(4) and §1391(b).

5. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Action. Accordingly the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**NO DISMISSAL OF ACTION REQUESTED:**

6. As noted herein, monetary issues are still at issue and accordingly the Parties do not request that the Honorable Court dismiss the action at this time.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

7. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

8. The Parties agree and stipulate that the corrective work will be performed in compliance with the May 19, 2019, report of Certified Access Specialist Candice Lui, CASp #221. This report is attached hereto as Exhibit "A".

9. Timing of Injunctive Relief: Exhibit "A" also includes the estimated timeframe for completing the work described therein. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendants or their counsel will notify Plaintiff's counsel, in writing, within fifteen (15) days after discovering any such difficulties. Defendants, or their counsel, will promptly notify Plaintiff's counsel when the

corrective work is complete, and in any case, will provide a status report on or before January 31, 2020.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

10. The Parties have not reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs in this Action (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues, the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either Parties' past, present, or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses, or costs in connection with each of their alleged losses, costs, damages, claims, and causes of action as set forth in each of the operative pleadings or otherwise.

**ENTIRE CONSENT ORDER:**

11. This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

15. Electronic signatures may also bind the Parties and/or their representative(s) as set forth in all applicable Local Rules. The undersigned counsel for Plaintiff does hereby attest that all electronic signatures are affixed only with the express written permission of the signatory.

Respectfully Submitted,

Dated: August 20, 2019     CENTER FOR DISABILITY ACCESS

By: /s/ Amanda Lockhart Seabock
Amanda Lockhart Seabock, Esq.
Attorney for Plaintiff

Dated: August 20, 2019       LAW OFFICES OF RICHARD A. MAC BRIDE


By: /s/ Richard Mac Bride
Richard Mac Bride, Esq.
Attorney for Defendants VICTOR VITYPRON and SOONTAREE VITYAPRON

**IT IS SO ORDERED.**

Dated:  8/21/19

_____
Honorable Charles R. Bryer
United States District Judge

# Law Offices of Richard Mac Bride

*Legal Services in English and Spanish / Servicios Legales en Inglés y Español*

865 Marina Bay Parkway, Suite 43
Richmond, CA 94804
(415) 730-6289
(510) 439-2786 Fax

Center for Disability Access
Amanda Seabock, Esq.
PO Box 262490
San Diego, CA 92196-2490

June 17, 2019

VIA US Mail

Dear Ms. Seabock:

I represent Victor and Soontaree Vityapron in the above matter. You will see that they have filed an answer. (Docket #11.)

Enclosed please find a CASp report showing that the property is in compliance.

Please note that I will be outside the USA from June 19 to July 2, 2019, inclusive.

Sincerely,

Richard Mac Bride
richardmacbridelaw@gmail.com

RECEIVED
JUN 20 2019

| Parking Calculation | | Table of Contents | | Scope of Work |
|---|---|---|---|---|
| Regular Parking | 5 | Cover sheet | Page 1 | Accessibility report to identify barriers in the following areas in the building |
| ADA Standard Parking provided | 0 | Table of Contents | Page 2 | (A) Path of travel to the facilities |
| ADA Van Parking provided | 1 | Barriers | Pages 3-8 | (B) Entrance of the facilities - lobby only |
| Total Parking on site | 6 | | | (C) Interiors of the facilities - lobby only |
| Required ADA Parking per Table 11B-208.2 | 0 | | | |
| Required Van Parking per 11B-208.2.4 | 1 | | | |
| Note (site visit on May 19, 2019): the accessible parking requirement met 2016 CBC Table 11B-208.2 and 11B-208.2.4 | | | | |

**NOTICE TO THE PRIVATE PROPERTY OWNER/TENANT:** This is an INSPECTED BY A CASP report. You should strive to adhere to your schedule for improvements to come into compliance with applicable construction-related accessibility standards. Most important, it is your responsibility to maintain the accessible features of your facility. You are advised to keep your records of any written inspection report and documentation concerning the property site that is given to you by a CASp. If you become a defendant in a lawsuit that includes a claim concerning a site inspected by a CASp, you may be entitled to a stay (temporary stoppage) of the claim and an early evaluation conference.

**DISCLAIMERS:** This work is limited to the areas identified in the Scope and was created to provide our best opinion on the required state access requirements. It does not identify every possible de minimus violation, but focuses on the access barriers we observed and to alert you as to the general requirements of the California Building Code 2016 which is based on the 2015 International Building Code. This work/opinion does not (and can not) indemnify you from every possible interpretation of these codes or any future access lawsuit brought by a party that disagrees with these opinions or is just wrong in their allegations. This report is not intended to be an exhaustive or perfect analysis, nor can it be thoroughly conclusive. Clients should be aware that CAS Report, LLC is available to answer any questions which may be perceived as ambiguous in the report. It is the client's responsibility to request a revision to any document if there are substantive errors. This request can be submitted to CAS Report, LLC as a change order. CAS Report, LLC retains ownership of all data collected as part of this service, including any documents produced. Accepting delivery of documents, including this report, within 5 days without any questions shall indicate that the client has found all aspects of the service satisfactory. Any renovations made on site are the sole responsibility of the client. CAS Report, LLC is not responsible for construction phase services.

**CONFIDENTIALITY NOTICE:** This report contains confidential and privileged material for the sole use of the client/intended recipient(s). Any review, use, distribution, or disclosure by others is strictly prohibited. This report shall not be disclosed to any third party without the prior written consent of the client and CAS Report, LLC.
Page 2

## Table of Contents
**Victor Vityapron, Soontaree Vityapron, and Z & F Auto Repair and Used Auto Sales**
401 23rd Street
Richmond, Ca 94804
Report by Candice Lui/CASp 221
Inspection Date: April 14, 2019; Re-inspection Date: May 19, 2019





| BARRIER | 2016 CBC; 2010 ADAS | EXISTING CONDITION (April 14, 2019) | PHOTO | RECOMMENDATION | Reinspection (May 19, 2019) | Reinspection (May 19, 2019) |
|---|---|---|---|---|---|---|
| | | | Exterior - Parking and Path of Travel | | | |
| POT-1 | 11B-502.8 Additional signs. An additional sign shall be posted either; 1) in a conspicuous place at each entrance to an off-street parking facility or 2) immediately adjacent to on-site accessible parking and visible from each parking space. The additional sign shall clearly state in letters with a minimum height of 1 inch (25 mm) the following: "Unauthorized" vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed away at the owner's expense. Towed vehicles may be reclaimed at: _____ or by telephoning _____ | Lack of the required sign per 11B-502.8 at both driveways | | Install sign per code. | | This barrier has been removed. |
| POT-2 | 11B-206.2.1 Site arrival points. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. | Lack of accessible route | | Provide accessible route per 2016 CBC Division 4: accessible routes | | This barrier has been removed. |
| POT-3 | 11B-208.1 General. Where parking spaces are provided, parking spaces shall be provided in accordance with Section 11B-208. | 7 parking spaces are provided, but there is none designated for disabilities. | | Creating designated accessible parking space and access aisle | | This barrier has been removed. |
| POT-4 | 11B-208.2.4 Van parking spaces. For every six or fraction of six parking spaces required by Section 11B-208.2 to comply with Section 11B-502, at least one shall be a van parking space complying with Section 11B-502. | When creating a designated accessible parking and access aisle, it shall be a van parking space. | | Provide van accessible parking and access aisle per 2016 CBC 11B-502 | | This barrier has been removed. |



| BARRIER | 2016 CBC; 2010 ADAS | EXISTING CONDITION (April 14, 2019) | PHOTO | RECOMMENDATION | Reinspection (May 19, 2019) | Reinspection (May 19, 2019) |
|---|---|---|---|---|---|---|
| POT-5 | 11B-403.3; ADA 403.3 Slope<br><br>The cross slope of walking surfaces shall not be steeper than 1:48. | Lack of a defined path of travel to the convenience store | | | | This barrier has been removed. |
| POT-6 | 11B-216.6 Entrances<br><br>In existing buildings and facilities where not all entrances comply to the code, doors shall be identified by the International Symbol of Accessibility. | Lack of the ISA symbol. | | International Symbol of Accessibility | | This barrier has been removed. |
| POT-7 | 11B-302.2; ADA 302.2 Floor or Ground Surface<br><br>Exposed edges of carpet/mat shall be fastened to floor surfaces and shall have trim on the entire length of the exposed edge. | Movable floor mats are not firm and stable along the accessible routes | | Movable floor mats impede access for people with disabilities, they shall be moved or removed under Section 36.304 of the ADA Title III regulations. | | This barrier has been removed. |
| POT-8 | 11B-404.2.4.4 Floor or ground surface.<br><br>Floor orground surface within required maneuvering clearances shall comply with Section 11B-302. Changes in level are not permitted. | Slope at Suite A door landing shall not exceed 1:48. The running slope is 2.3%. | | Provide level landing or power door operator. | | This barrier has been removed. |



| BARRIER | 2016 CBC; 2010 ADAS | EXISTING CONDITION (April 14, 2019) | PHOTO | RECOMMENDATION | Reinspection (May 19, 2019) | Reinspection (May 19, 2019) |
|---|---|---|---|---|---|---|
| POT-9 | 11B-404.2.4.4 Floor or ground surface. Floor orground surface within required maneuvering clearances shall comply with Section 11B-302. Changes in level are not permitted. | Slope at Suite B door landing shall not exceed 1:48. The running slope is 3.0%. | | Provide level landing or power door operator. | | This barrier has been removed. |
| POT-10 | Table 11B-404.2.4.1; ADA 404.2.4.1 Door on the push side needs 48 inches minimum maneuvering clearance and 12" clear at the latch side. | The maneuvering clearance at Suite A is blocked by the planter | | Remove planter and provide the required level door landing | | This barrier has been removed. |
| POT-11 | Table 11B-404.2.4.1; ADA 404.2.4.1 Door on the push side needs 48 inches minimum maneuvering clearance and 12" clear at the latch side. | The maneuvering clearance at Suite B is blocked by the planter | | Remove planter and provide the required level door landing | | This barrier has been removed. |
| POT-12 | 11B-303.2; ADA 303.2 Vertical Change in Level Changes in level of ¼ inches high maximum are permitted to be vertical and without edge treatment. | The vertical change in level at both suites' the door transitions are greater than 1/4" high. The transition shall be smooth and should not be composed by different pieces. | | Provide transition that the changes in level is between 1/4 inch high min. and 1/2 inch high max. with a beveled edge. The slope of the beveled edge shall not be steeper than 1:2 | | This barrier has been removed. |



| BARRIER | 2016 CBC; 2010 ADAS | EXISTING CONDITION (April 14, 2019) | PHOTO | RECOMMENDATION | Reinspection (May 19, 2019) | Reinspection (May 19, 2019) |
|---|---|---|---|---|---|---|
| POT-13 | 11B-303.5 Warning Curbs<br><br>Abrupt changes in level exceeding 4 inches in a vertical dimension between walks, sidewalks or other pedestrian ways and adjacent surfaces or features shall be identified by warning curbs at least 6 inches in height above the walk or sidewalk surface. | The vertical changes in level is 8" at both of the suites' landings. | | Install warning curb.<br><br>A warning curb is not required when a guard or handrail is provided with a guide rail centered 2 inches minimum and 4 inches maximum above the surface of the walk or sidewalk. | | This barrier has been removed. |
| | | | Interior - Suite A | | | |
| INT-A-1 | 11B-904.4.1; ADA 904.4.1 Parallel Approach<br><br>A portion of the counter surface that is 36" long min. and 34" high max. above the finish floor shall be provided. | Service counter surface is 42" high. | | Provide an equivalent facilitation sign for transaction activity if the work counter is meant to be an employee workstation. | | This barrier has been removed. |
| INT-A-2 | 11B-403.5.1; ADA 403.5.1 Clear Width<br><br>The clear width of walking surfaces shall be 36" min. | Part of the circulatoin path is less than 36 inches wide. | | Provide employee access only sign if the door leading to the back area, including the toilet room, is not for public use. | | This barrier has been removed. |
| INT-A-3 | 11B-404.2.4; ADA 404.2.4 Front Approach, Pull Side<br><br>The floor or ground area is the width of the doorway and a minimum of 60 inches deep, perpendicular to the doorway. The floor or ground area beyond the latch side of the doorway and parallel to the doorway is 18 inches minimum at interior doors. | Lack of maneuvering clearances at manual swinging door | | Provide required maneuvering clearances per 2016 CBC 11B-404.2.4 | | This barrier has been removed. |



| BARRIER | 2016 CBC; 2010 ADAS | EXISTING CONDITION (April 14, 2019) | PHOTO | RECOMMENDATION | Reinspection (May 19, 2019) | Reinspection (May 19, 2019) |
|---|---|---|---|---|---|---|
| | | | Interior - Suite B | | | |
| INT-B-1 | 11B-302.2; ADA 302.2 Floor or Ground Surface<br><br>Exposed edges of carpet/mat shall be fastened to floor surfaces and shall have trim on the entire length of the exposed edge. | Movable floor mats are not firm and stable along the accessible routes | | Movable floor mats impede access for people with disabilities, they shall be moved or removed under Section 36.304 of the ADA Title III regulations. | | This barrier has been removed. |
| INT-B-2 | 11B-904.4.1; ADA 904.4.1 Parallel Approach<br><br>A portion of the counter surface that is 36" long min. and 34" high max. above the finish floor shall be provided. | Service counter surface is 42" high. | | Provide an equivalent facilitation sign for transaction activity if the work counter is meant to be an employee workstation. | | This barrier has been removed. |
| INT-B-3 | 11B-403.5.1; ADA 403.5.1 Clear Width<br><br>The clear width of walking surfaces shall be 36" min. | Part of the circulatoin path is less than 36 inches wide. | | Provide employee access only sign if the door leading to the back area, including the toilet room, is not for public use. | | This barrier has been removed. |
| INT-B-4 | 11B-404.2.4; ADA 404.2.4 Front Approach, Pull Side<br><br>The floor or ground area is the width of the doorway and a minimum of 60 inches deep, perpendicular to the doorway. The floor or ground area beyond the latch side of the doorway and parallel to the doorway is 18 inches minimum at interior doors. | Lack of maneuvering clearances at manual swinging door | | Provide required maneuvering clearances per 2016 CBC 11B-404.2.4 | | This barrier has been removed. |

# PROOF OF SERVICE
# LOVE V. VITYAPRON

3:19-cv-01869-JSC

I, the undersigned, I am not a party to the above-entitled action; my business address is 9845 Erma Road, Suite 300, San Diego, CA 92131.

On August 20, 2019 I served the following document(s):

- **CONSENT DECREE AND [PROPOSED] ORDER**
- **EXHIBIT A**

Addressed to:

> **Richard Allen Mac Bride**
> Law Offices of Richard A. Mac Bride
> 865 Marina Bay Parkway, Suite 43
> Richmond, CA 94804

☐ BY MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐ BY FACSIMILE: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐ BY OVERNITE EXPRESS: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Diego, California.

☐ BY PERSONAL SERVICE: I caused said documents to be personally served on all listed recipients via Diversified Legal Services.

☑ BY ELECTRONIC MAIL TRANSMISSION: via the United States District Court, Northern District of California's CM/ECF system. I caused the listed documents to be electronically filed and subsequently emailed to the above recipients.

Executed on August 20, 2019, from San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Akanksha Sirohi*
_____
Akanksha Sirohi